UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Vedbraaten, William

Debtor.

Case No. 17-60418
CHAPTER 13 PLAN   ■ Modified
Dated November 1, 2019

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ■ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**
2.1  As of the date of this plan, the debtor has paid the trustee **$84,000.00**
2.2  After the date of this plan, the debtor will pay the trustee:
    **$3,000.00** on or before **October 31, 2019**; and
    **$3,460.00** per month for **33 months** beginning **November of 2019**.
2.3  The minimum plan length is ☐ 36 months or ■ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4  The debtor will also pay the trustee:
    **$2,500.00** on or before **October 31, 2020;**
    **$2,500.00** on or before **October 31, 2021; and**
    **$2,500.00** on or before **July 31, 2022.**
2.5  The debtor will pay the trustee a total of **$208,680.00** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **$20,868.00**. [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1 | Ultima Bank of Minnesota | Adequate Protection paid pre-conf: | | $8,300.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | Estate of Marvin Jensen | Land Rent (5 Year Lease) |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 6.1 | Security State Bank of Oklee | Real Estate: 39505 330th St. SE, Gully, MN<br>Real Estate: 39530 330th St. SE, Gully, MN<br>Real Estate: 108 1st Ave. E, Trail, MN |
| 6.2 | Security State Bank of Oklee | 2012 Arctic Cat 1100 Turbo |
| 6.3 | Freedom Road Financial | 2013 Arctic Cat 1100 |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|-----------------|----------------------|--------------------|-----------------|
| 7.1 | None     |                   |                 |                      |                    |                 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|-----------------|
| 8.1 | None     |                   |                        |                 |                      |                    |                 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured claim | Interest rate | Begin in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|-----|----------|--------------|---------------|---------------|------------------|------------------|-----------------------|-----------------|------------------------|------------------|
|     |          |              |               |               |                  |                  | Adequate Protection Payments: | | $8,300.00 | |
|     |          |              |               |               |                  | Payments as of 11/1/2019: | | $75,099.03 | | |
|     |          |              |               |               | 27 | $1,700.00 | 1 | $1,700.00 | | |
|     | Ultima   |              |               |               | 28 | $3,144.00 | 11 | $34,254.00 | | |
| 9.1 | Bank of  | $158,172.43  | $158,172.43   | 6%            | 39 | $5,364.00 | 1 | $5,364.00 | | $183,942.12 |
|     | Minnesota|              |               |               | 40 | $3,144.00 | 11 | $34,254.00 | | |
|     |          |              |               |               | 51 | $5,364.00 | 1 | $5,364.00 | | |
|     |          |              |               |               | 52 | $3,144.00 | 8 | $24,912.00 | | |
|     |          |              |               |               | 60 | $2,995.09 | 1 | $2,995.09 | | |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|      | Creditor | Claim amount | Interest rate | Beginning in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|------|----------|--------------|---------------|----------------------|------------------|-----------------------|-----------------|------------------------|------------------|
| 10.1 | None     |              |               |                      |                  |                       |                 |                        |                  |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|-----------------|-----------------|----------------------|--------------------|-----------------|
| 11.1 | Bulie Diaz Law Office | $1,810.00 | | Total paid as of 11/1/19: | | $1,810.00 |
| 11.2 | Bulie Diaz Law Office- *Modification Fees* | $1,000.00 | $1,000.00 | 27 | 1 | $1,000.00 |
|      | TOTAL    |                 |                 |                      |                    | $2,810.00       |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|-----------------|-----------------|----------------------|--------------------|----------------|
| 12.1 | None     |                 |                 |                      |                    |                |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows:_____.
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|      | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|-----------------|------------------------|-----------------|----------------------|--------------------|----------------|
| 13.1 | None     |                 |                        |                 |                      |                    |                |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately **$1,059.88.** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are **$0.00.**
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $**785.31**
14.3 Total estimated unsecured claims are $**785.31** [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|      | Creditor | Description of property (including complete legal description of real property) |
|------|----------|--------------------------------------------------------------------------------|
| 16.1 | None     |                                                                                |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | Debtor's Tax Refunds: The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. |
|------|---|
| 17.2 | All allowed unsecured claimants in Part 14 shall be paid 100% of their claim. Allowed unsecured claimants in Part 14 shall also receive interest at the federal judgment interest rate of 1.22% |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $20,868.00 |
| Home mortgages in default [Part 7] | |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $183,942.12 |
| Secured claims excluded from § 506 [Part 10] | |
| Priority claims [Part 11] | $2,810.00 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | $1,059.88 |
| TOTAL (must equal line 2.5) | $208,680.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /e/ SARA E. DIAZ
        Attorney for debtor

    Sara E. Diaz #0394832
    Bulie Diaz Law Office
    1790 32nd Ave. S. Suite 2B
    Fargo, ND 58103
    (701) 298-8748
    sara@bulielaw.com

Signed: /e/ WILLIAM VEDBRAATEN
        Debtor 1